UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISRAEL ONTIVEROS,<br><br>      Petitioner,<br><br>v.<br><br>JARED D. LOZANO,<br><br>      Respondent. | Case No.: 19cv2072-MMA (RBM)<br><br>**ORDER DISMISSING PETITION WITHOUT PREJUDICE AND NOTIFYING PETITIONER OF OPTIONS TO AVOID FUTURE DISMISSAL OF MIXED PETITION** |

Petitioner, a state prisoner proceeding pro se, has submitted a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, but has neither paid the $5.00 filing fee nor submitted a request to proceed in forma pauperis. ECF No. 1. The Petition is subject to dismissal for failure to satisfy the filing fee requirement and failure to allege exhaustion of state court remedies as to every claim.

**FILING FEE REQUIREMENT**

Because this Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis, the Court **DISMISSES** the case without prejudice. To have this case reopened, Petitioner must submit, **no later than December 31, 2019,** a copy of this Order with the $5.00 fee or with adequate proof of his inability to pay the fee.

1

# EXHAUSTION OF STATE COURT REMEDIES

The Petition presents eleven claims. ECF No. 1 at 6–50. Petitioner indicates that he has only presented claim one to the state supreme court and has not presented the remaining claims to that court. *Id.*

Habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133–34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133–34. Moreover, to properly exhaust state court remedies a petitioner must allege, <u>in state court</u>, how one or more of his or her federal rights have been violated. The Supreme Court in *Duncan v. Henry*, 513 U.S. 364 (1995) reasoned: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims <u>under the United States Constitution</u>." *Id.* at 365–66 (emphasis added). For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the <u>due process of law guaranteed by the Fourteenth Amendment</u>, he [or she] must say so, not only in federal court, but in state court." *Id.* at 366 (emphasis added). The burden of proving a claim has been exhausted lies with Petitioner. *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981).

"[F]ederal district courts must dismiss mixed habeas petitions." *Pliler v. Ford*, 542 U.S. 225, 230 (2004) (citing *Rose v. Lundy*, 455 U.S. 509, 510, 522 (1982)). As set forth above, the Petition is dismissed for failure to satisfy the filing fee requirement. However, anticipating that Petitioner may pay the filing fee or be granted leave to proceed in forma pauperis and have the case reopened, the Petition will remain subject to dismissal as containing one exhausted claim and ten unexhausted claims. The Court hereby notifies Petitioner of his options to avoid a future dismissal of a mixed petition for failing to allege complete exhaustion of state court remedies if he satisfies the filing fee requirement.

### i) First Option: Allege Complete Exhaustion

Petitioner may allege he has in fact exhausted state court remedies as to all claims.

### ii) Second Option: Voluntarily Dismiss the Petition

Petitioner may move to voluntarily dismiss his entire federal petition and return to state court to exhaust his unexhausted claims. He may then file a new federal petition containing only exhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 510, 520–21 (stating that a petitioner who files a mixed petition may dismiss his petition to "return[] to state court to exhaust his claims.") Petitioner is cautioned that any new federal petition must be filed before expiration of the one-year statute of limitations. Ordinarily, a petitioner has one year from when his conviction became final to file his federal petition, unless he can show that statutory or equitable "tolling" applies. *Duncan v. Walker*, 533 U.S. 167, 176 (2001); 28 U.S.C. § 2244(d).[1]

The statute of limitations does not run while a properly filed state habeas corpus petition is pending in state court. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d

---

[1] 28 U.S.C. § 2244 (d) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgement or claim is pending shall not be counted toward any period of limitation under this subsection.

1003, 1006 (9th Cir. 1999) ("[W]e hold that the statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge."), *overruled in part by Carey v. Saffold*, 536 U.S. 214, 225–26 (2002) (holding that if a petitioner unreasonably delays filing a habeas petition in a higher California court after a denial in a lower court, he is not entitled to statutory tolling during the gap between those petitions). *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."); *Bonner v. Carey*, 425 F.3d 1145, 1149, *as amended* 439 F.3d 993 (9th Cir. 2005) (holding that a state application for post-conviction relief which is ultimately dismissed as untimely was neither "properly filed" nor "pending" while it was under consideration by the state court, and therefore does not statutorily toll the statute of limitations). However, absent some other basis for tolling, the statute of limitations continues to run while a federal habeas petition is pending. *Duncan*, 533 U.S. at 181-82.

### iii) Third Option: File a Motion to Stay the Federal Proceedings

Petitioner may file a motion to stay this proceeding while he returns to state court to exhaust his unexhausted claims. There are two methods potentially available to Petitioner, the "stay and abeyance" procedure and the "withdrawal and abeyance" procedure.

If Petitioner wishes to use the "stay and abeyance" procedure he should ask the Court to stay his mixed petition while he returns to state court to exhaust. Under this procedure he must show he has arguably meritorious claims which he wishes to return to state court to exhaust, that he is diligently pursuing his state court remedies with respect to the claims, and that good cause exists for his failure to timely exhaust his state court remedies. *Rhines v. Webber*, 544 U.S. 269, 277–78 (2005).

If Petitioner wishes to use the "withdrawal and abeyance" procedure, he must voluntarily withdraw his unexhausted claims, ask the Court to stay the proceedings and hold the fully-exhausted petition in abeyance while he returns to state court to exhaust, and

then seek permission to amend his petition to include the newly exhausted claim after exhaustion is complete. *King v. Ryan*, 564 F.3d. 1133, 1135 (9th Cir. 2009). Although under this procedure Petitioner is not required to demonstrate good cause for his failure to timely exhaust, the newly exhausted claims must be either timely under the statute of limitations or "relate back" to the claims in the fully-exhausted petition, that is, they must share a "common core of operative facts" with the previously exhausted claims. *King*, 564 F.3d at 1141 (quoting *Mayle v. Felix*, 545 U.S. 644, 659 (2005)).

## **CONCLUSION AND ORDER**

The Court **DISMISSES** the Petition without prejudice for failure to satisfy the filing fee requirement. To proceed with this matter Petitioner must, **on or before December 31, 2019**, pay the $5.00 filing fee or submit a request to proceed in forma pauperis **and** choose one of the options listed above in order to avoid having his petition dismissed for failing to allege exhaustion of state court remedies as to all claims presented. The Clerk of Court shall send Petitioner a blank Southern District of California in forma pauperis application along with a copy of this Order.

**IT IS SO ORDERED.**

Dated: November 1, 2019.

Hon. Michael M. Anello
United States District Judge